**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ANDREW MILLER,

    Plaintiff

    v.

PAVESTONE, LLC and QUIKRETE HOLDINGS, INC.,

    Defendants.

---

**NOTICE OF REMOVAL**

---

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Fed. R. Civ. P. 81(c), and D.C.COLO.LCivR 81.1, Defendants Pavestone, LLC ("Pavestone") and Quikrete Holdings, Inc. ("Quikrete") (collectively, "Defendants") remove this action from the District Court for El Paso County, Colorado to the United States District Court for the District of Colorado. In support thereof, Defendants state the following:

1. This matter arises out of claims by pro se Plaintiff Andrew Miller ("Plaintiff") that his termination of employment with Defendants constitutes discriminatory conduct on the basis of Plaintiff's race (white) in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). In Plaintiff's Complaint for Employment Discrimination ("State Court Complaint") — which, notably, consists of a form stating "United States District Court for the 4th District of Colorado" — Plaintiff asserts he filed a charge of

discrimination with the Equal Employment Opportunity Commission ("EEOC") on June 15, 2023, and the EEOC issued a Notice of Right to Sue letter, which Plaintiff received on September 5, 2024. This action followed.

2.      On December 12, 2024, Plaintiff filed the State Court Complaint against Pavestone, LLC and Quikrete Holdings, Inc. in the District and County Courts of El Paso County, Colorado (the "State Court"), initiating an action styled as Andrew Miller v. Pavestone, LLC and Quikrete Holdings, Inc., Case No. 24CV509 (the "State Court Action"). A true and correct copy of the State Court Complaint is attached as **Exhibit A**.

3.      That same date, Plaintiff filed a District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint, Counterclaim, Cross-Claim or Third-Party Complaint and Jury Demand (the "Original State Court Cover Sheet"). A true and correct copy of the Original State Court Cover Sheet is attached as **Exhibit B**.

4.      Also on December 12, 2024, Plaintiff filed District Court Civil Summons for "Pavestone, LLC and Quickrete Holdings, Inc." in the State Court Action. A true and correct copy of the Summons is attached as **Exhibit C**.

5.      Defendants were served with the Summons and the State Court Complaint on December 16, 2024 by personal service; however, Plaintiff filed a blank Affidavit of Service. A true and correct copy of such process is attached as **Exhibit D**. Nonetheless, the present filing of this Notice of Removal, based on the State Court Complaint filed on December 12, 2024, occurs well within the 30-day time period required by 28 U.S.C. § 1446.

FP 53337687.2

6.      Plaintiff has not filed an affidavit or return of service with the State Court as of the date of the filing of this Notice of Removal.

7.      In the State Court Complaint, Plaintiff asserts claims for relief under Title VII (race color, gender, religion, national origin).  *See* **Exhibit A,** State Court Complaint ¶ II.

8.      For a case to be removeable from state court, the federal court must have jurisdiction.  *See* 28 U.S.C. § 1441 (generally identifying removable actions).  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ."  28 U.S.C. § 1441(a).

9.      As stated above, Plaintiff has asserted a claim against Defendants under Title VII.  **Exhibit A**, State Court Complaint ¶ II.  Because Plaintiff's Title VII claim arises under federal law, jurisdiction in this Court is appropriate pursuant to 28 U.S.C. § 1331.

10.      Plaintiff also appears to assert a claim that references Colorado Revised Statute ("C.R.S.") § 24-34-402, which defines discriminatory or unfair employment practices.  The Court has supplemental jurisdiction over those claims inasmuch as they arise out of the same case or controversy as the federal claims.  28 U.S.C. § 1367.

11.      The State Court Action was pending in the District and County Courts of El Paso County, Colorado.  Accordingly, under 28 U.S.C. § 85 and § 1441(a), the United States District Court for the District of Colorado is the proper venue for removal of the State Court Action to federal court.

12.     Thirty days have not elapsed since the date on which Defendants were served with the Summons and the State Court Complaint in the State Court Action.  Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

13.     Pursuant to 28 U.S.C. § 1446(d), Defendants will file, on this same date, a Notice of Filing Notice of Removal in which the State Court will be notified of the removal of the State Court Action to this Court.

14.     Under D.C.COLO.LCivR 81.1, the following documents attached to this Notice of Removal constitute all of the "process, pleadings, and orders" that have been filed with the State Court or served on Defendants within the meaning of 28 U.S.C. § 1446(a): the State Court Complaint (**Exhibit A**); Original State Court Cover Sheet (**Exhibit B**); Summons directed to Defendants (**Exhibit C**); and Affidavit of Service, (**Exhibit D)**.

15.     Moreover, according to the register of actions for the State Court Action as of the date of filing of this Notice of Removal (the "Register of Actions"), the State Court has not set any hearings in this matter.  A true and correct copy of the Register of Actions is attached as **Exhibit E**.

WHEREFORE, Defendants remove the State Court Action from the District Court for El Paso County, Colorado, to the United States District Court for the District of Colorado, and request that this Court make and enter such further orders as may be necessary and proper.

FP 53337687.2

Respectfully submitted January 6, 2025.

FISHER & PHILLIPS LLP

*s/ Darin L. Mackender*
Darin L. Mackender
Adam J. (A.J.) Peters
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
Email: dmackender@fisherphillips.com
　　　ajpeters@fisherphillips.com

***Attorneys for Defendants***

FP 53337687.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2025, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, and served via first-class U.S. Mail, postage prepaid, on the following:

Andrew Miller
7526 Araia Drive
Fountain, CO 80817
***Plaintiff***

_____
Katie Costantino
For Fisher & Phillips LLP

FP 53337687.2