IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–00032–MDB

ANDREW MILLER,

      Plaintiff,

v.

PAVESTONE, LLC, and
QUIKRETE HOLDINGS, INC.,

      Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants, Pavestone, LLC, and Quikrete Holdings, Inc. ("Defendants") Motion to Dismiss for Failure to State a Claim. (["Motion"]. Doc. No. 19.) Plaintiff Andrew Miller, proceeding *pro se*, filed a Letter to the Court in response. (["Response"], Doc. No. 20.) Defendant filed a Reply in Support. (Doc. No. 21.) The Court has reviewed the pleadings and relevant case law, and **ORDERS** that the Motion is **GRANTED**.

**SUMMARY FOR *PRO SE* PLAINTIFF**

The Court is granting Defendants' motion to dismiss your second amended complaint. Specifically, the Court finds that you did not timely act on the right-to-sue notice issued by the EEOC. This is only a high-level summary of the Court's Order. The full Order and analysis is set forth below.

**BACKGROUND**

Plaintiff brings suit against Defendants for alleged employment discrimination under Title VII of the Civil Rights Act of 1964. (Doc. No. 17.) Attached to the operative Complaint, Plaintiff submitted a Determination and Notice of Rights ("right-to-sue notice") issued by the Equal Employment Opportunity Commission ("EEOC") on September 5, 2025. (*Id*. at 8.) The right-to-sue letter provided that Plaintiff had ninety days after receipt to file a lawsuit. (*Id.*) Plaintiff originally filed this action in El Paso County District Court on December 12, 2024. (*See* Doc. No. 1-1.) Defendants removed this case to federal court on January 6, 2025. (Doc. No. 1.)

Defendants move to dismiss this action as untimely, arguing Plaintiff's ninety-day window to file suit following the right to sue notice expired prior to the filing of this suit. (Doc. No. 19 at 4-7.)

## LEGAL STANDARD

### I.    Fed. R. Civ. P. 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on such a motion, a court accepts all well-pleaded facts as true and views the allegations in the light most favorable to the plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plausible claim is one wherein plaintiff pleads sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* analysis has two prongs. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption

2

of truth," *i.e.,* those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 679-81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, the claim survives the motion to dismiss. *Id*. at 679.

## II.   *Pro Se* **Plaintiff**

In applying the above principles, this Court is mindful Plaintiff proceeds *pro se* and thus affords his papers and filings a liberal construction. *Smith v. Allbaugh*, 921 F.3d 1261, 1268 (10th Cir. 2019). But the Court cannot and does not act as his advocate, *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019), and applies the same procedural rules and substantive law to Plaintiff as to a represented party. *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

Under Title VII, a plaintiff who receives a right-to-sue notice from the relevant federal agency has ninety days after receipt to file a civil action against the respondent named in the notice. 42 U.S.C. s. 2000e-5(f)(1); *see also Urbina v. United Parcel Serv. Inc.*, 335 F. App'x 418, 419 (5th Cir. 2009) (holding that the 90 day deadline was not tolled by federal holidays). The ninety day time limit begins to run from the date of receipt, not the date of issuance. *See Jackson v. Cont'l Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999) ("[W]e are persuaded that starting the limitation period upon actual receipt of the right-to-sue letter is the view most in keeping with the language and purpose of the statute."). This timeliness requirement is "a condition precedent to suit that functions like a statute of limitations and is subject to waiver,

estoppel, and equitable tolling." *Panicker v. Compass Grp. U.S.A. Inc.*, 712 F. App'x 784, 785 (10th Cir. 2017) (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)).

Here, Plaintiff's right-to-sue notice was issued on September 5, 2024. (Doc. No. 20 at 1; Doc. No. 17 at 8.) Plaintiff's original Complaint indicates he also "received" the notice on September 5, 2024. (Doc. No. 1 at 5.) Thus, according to the Complaint, the 90-day timeline expired on December 4, 2024. In his Response, however, Plaintiff appears to claim that the right-to-sue-notice was issued and "posted ... online" on September 5, 2024, but he did not actually receive, nor was otherwise made aware of, the notice on that day. (Doc. No. 20.) The Response does not specify the date on which Plaintiff purportedly received, or was made aware of, the notice.

"When a receipt date for an EEOC right-to-sue letter is unknown or disputed, the Tenth Circuit has recognized a three-day or five-day mailing presumption." *Shelby v. Mercy Reg'l Health Ctr.*, 2009 WL 1067309, at *2 (D. Kan. Apr. 21, 2009) (citing *Lozano v. Ashcroft,* 258 F.3d 1160, 1164 (10th Cir. 2001)). Thus, construing everything in Plaintiff's favor, the latest he can be deemed to have received the right-to-sue notice is September 10, 2024, which would make his deadline to file this suit December 9, 2024. Thus, even under this favorable presumption, Plaintiff filed suit three days late. (*See* Doc. No. 1-1 (Plaintiff's El Paso County Court complaint, which is stamped December 12, 2024).)

Still, the Court considers whether some equitable doctrine saves Plaintiff's case from dismissal. Here, Defendant has not waived it's right to raise this timeliness defense. *See Youren v. Tintic Sch. Dist.,* 343 F.3d 1296 (10th Cir. 2003) (discussing the waiver of statute of limitations defenses). Nor has Plaintiff alleged that Defendant engaged in any sort of conduct

that contributed to the untimely filing, ruling out an estoppel argument. *See Nat'l Credit Union Admin. Bd. v. Barclays Capital Inc.*, 785 F.3d 387, 395 (10th Cir. 2015) (noting that "a party can be estopped from asserting a statute of limitations defense" if it had previously promised not to raise the issue). Thus, the Court is left to consider whether the deadline should be equitably tolled.

Equitable tolling applies to Title VII time limitations when "a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012). Such circumstances may exist where Plaintiff was "actively misled, or has in some extraordinary way been prevented from asserting his or her rights." *Panicker*, 712 F. App'x at 787.

Here, Plaintiff offers no argument, facts, or law in support of equitable tolling. There are no allegations of being misled, deceived, or otherwise obstructed. Instead, Plaintiff attributes the timing of his filing to a misunderstanding of the meaning of 90 days (calendar vs. business). This is not the type of "extraordinary" circumstance or "active deception" that warrants equitable tolling. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect.").

Moreover, to the extent Plaintiff seems to contend that the right-to-sue notice was unclear, the Court finds this argument unconvincing. Indeed, the notice explicitly indicates that Plaintiff's "right to sue ... ***will be lost*** if you do not file a lawsuit in court within 90 days." (*Id.* (emphasis added).) The notice does not mislead a reader into believing that "90 days" means "90 business days," nor is there any information in the letter that contradicts the clear statement that

the right to sue will be lost if claim is not filed within 90 days. *See Carney v. City of Shawnee, Kansas*, 24 F. Supp. 2d 1185, 1189 (D. Kan. 1998) (declining to toll the deadline to file suit when the right-to-sue notice was "unambiguous and makes perfectly clear that plaintiffs had only ninety days in which to bring suit on their Title VII claims").

The Court is sympathetic to Plaintiff who proceeds *pro se*, but it is constrained to applying the same rules to all litigants, regardless of their representation status. *See Dodson*, 878 F. Supp. 2d at 1235 ("*Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel, or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court." (citing *McNeil v. U.S.,* 508 U.S. 106, 113, (1993); *Ogden v. San Juan Cnty.,* 32 F.3d 452, 455 (10th Cir. 1994))). Plaintiff's mistaken belief does not toll the deadline or relax the rule, and the case must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendant's Motion to Dismiss (Doc. No. 19) is **GRANTED**. The Clerk of Court is directed to close this case.

Dated this 17th day of March, 2026.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge